IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROL M. KAM, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-1447-D-BK |
| | § | |
| JOHN B. PEYTON, JR., | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the district judge's *Order of Reference*, Doc. 9, and 28 U.S.C. § 636(b), *Defendant's Motion to Dismiss*, Doc. 8, has been referred to the undersigned United States magistrate judge for a recommended disposition. For the reasons stated herein, Defendant's motion should be **GRANTED**.

**A.     Background**

Plaintiff Carol Kam brings this *pro se* action against former Dallas County Associate Probate Judge John B. Peyton ("Judge Peyton"), arising from the protracted probate litigation that ensued after the death of her brother Robert Kam (the "Probate Proceeding").[1] Doc. 3 at 1. Plaintiff alleges that in February 2011, after being diagnosed with cancer, Robert created a trust for his estate (the "Original Trust"). Doc. 3 at 2. Under the terms of the Original Trust, Plaintiff was to receive a $10,000 inheritance. Doc. 3 at 2. Plaintiff avers that in March 2011, Robert's girlfriend, with the aid of her attorney, David Pyke ("Attorney Pyke"), made changes to the Original Trust (hereafter, the "Amended Trust"). Doc. 3 at 2-3. When it was discovered that the

---

[1] For clarity, the Court refers to Robert Kam by his first name.

provision providing for Plaintiff's inheritance had been removed, Attorney Pyke drafted a second amendment restoring Plaintiff's inheritance, which was subsequently signed by Robert (the "Second Amended Trust"). Doc. 3 at 3. However, following Robert's death, Attorney Pyke instructed the trustee not to distribute to Plaintiff the sum she was to receive. Doc. 3 at 3.

Consequently, Plaintiff filed a will contest in Dallas Probate Court, seeking to uphold the Original Trust. Doc. 3 at 4. The case was assigned to Probate Court Judge Michael Miller and subsequently transferred to Judge Peyton for trial in July 2013, during which Robert's testamentary capacity at the time he executed the Amended Trust was contested. Doc. 3 at 4. Judge Peyton found, *inter alia*, that the Original Trust was unenforceable and taxed attorneys' fees and court costs against Plaintiff for over $220,000. Doc. 3 at 5, 15. In October 2013, Judge Peyton also presided over the hearing on Plaintiff's motion for a new trial and ruled against her. Doc. 3 at 7-8. Judge Peyton's ruling was affirmed on appeal, and Plaintiff's statutory bill of review was denied in November 2015. Doc. 8-4 at 2. The Fifth Court of Appeals subsequently affirmed the denial of the bill of review. Doc. 8-4 at 8; *In the Estate of Kam*, No. 05-16-00126-CV, 2016 WL 7473905 (Tex. App.—Dallas 2016, pet. denied). Finally, in March 2017, the Supreme Court of Texas denied Plaintiff's petition for review. Plaintiff subsequently filed the instant action.[2]

Plaintiff has sued Judge Peyton pursuant to 42 U.S.C. § 1983 for various constitutional violations, arguing that Judge Peyton did not have jurisdiction to preside over the Probate

---

[2] The Court notes that Plaintiff has filed at least two prior cases in this Court challenging the Probate Proceeding. *See Kam v. Jenkins, et al.*, No. 3:17-CV-03469-L; *Kam v. Dallas Cty., et al.*, No. 3:18-CV-0378-G-BK. Plaintiff voluntarily dismissed the first action without prejudice, and judgment was entered against her in the second action. 2018 WL 2979469 (N.D. Tex. May 29, 2018) (Toliver, J.), *adopted by* 2018 WL 2951010 (N.D Tex. June 12, 2018) (Fish, J.). Her appeal of that judgment is pending. *Kam v. Dallas Cty.*, No. 18-10735 (5th Cir.).

Proceeding or rule on her motion for a new trial and, thus, has lost his right to judicial immunity. Doc. 3 at 7-10. She seeks over $5 million in damages. Doc. 3 at 11-12.

**B.     Parties' Arguments**

Judge Peyton now moves to dismiss Plaintiff's complaint arguing, *inter alia*, that the *Rooker-Feldman* doctrine[3] divests this Court of jurisdiction to hear her claims. Doc. 8 at 4, 8-9. Plaintiff responds, in relevant part, that the *Rooker-Feldman* doctrine does not apply because Judge Peyton had no authority to preside over the Probate Proceeding. Doc. 10 at 11. Upon review, Judge Peyton's argument is well-founded and entirely disposes of Plaintiff's claims. As such, the Court need not reach his absolute immunity and limitations arguments.

**C.     Applicable Law and Analysis**

A court must dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure if it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). As the Court of Appeals for the Fifth Circuit has succinctly stated:

> The Supreme Court has definitively established, in what has become known as the *Rooker-Feldman* doctrine, that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court."

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). Additionally, the *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also

---

[3] The doctrine takes its name from two Supreme Court decisions: *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923).

extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)). Claims are inextricably intertwined with a state court's judgment when "the District Court is in essence being called upon to review the state court decision." *Feldman*, 460 U.S. at 482 n.16.

Plaintiff's complains of the actions of the judges involved in the Probate Proceeding and, though cast as constitutional violations, her claims amount to nothing more than a collateral attack on the judgments entered in that proceeding. *See Jordaan*, 275 F. Supp. 2d at 788-89 (when a federal action "is nothing more than a thinly veiled attempt to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders," lower federal courts lack subject matter jurisdiction over such action).

Plaintiff's insistence that *Rooker-Feldman* does not apply because she is not asking this Court to "modify, bypass, reverse, or void any State Judgment" is unavailing. Doc. 10 at 11. As mentioned above, *Rooker-Feldman* not only bars explicit efforts to review state court rulings, but also claims that are inextricably intertwined therewith. *Jordaan*, 275 F. Supp. 2d at 788. In the instant case, Plaintiff's federal constitutional claims are premised the alleged impropriety of the judges involved in the Probate Proceeding and are thus inextricably intertwined with their rulings. *See Phinizy v. State of Ala.*, 847 F.2d 282, 284 (5th Cir. 1988) (plaintiff's claim that the probate court's conduct denied her due process was "obviously" inextricably intertwined with the probate court's judgment in the state proceeding).

Such intertwining is made all the more apparent by the relief that Plaintiff seeks in this case, to wit: (1) her $10,000 inheritance; (2) reimbursement of her $300,000 in litigation

4

expenses; and (3) $400,000 stemming from Judge Peyton's imposition of costs and fees against her. Doc. 3 at 11. To grant this relief, the Court would have to reverse the judgment entered in the Probate Proceeding. *See Magor v. GMAC Mortg., L.L.C.*, 456 F. App'x 334, 336 (5th Cir. 2011) (per curiam) (finding plaintiff's claims were inextricably intertwined with state court judgment where reversal of the state court judgment would be a necessary part of the relief requested in the federal action); *see also Wallace v. Hernandez*, No. A-14-CV-691-LY, 2015 WL 1020720, at *2 (W.D. Tex. Mar. 9, 2015) (finding plaintiffs' claims were barred by *Rooker-Feldman* where the "essential relief" they sought was reversal of probate court's rulings against them), *adopted by* 2015 WL 12751504 (W.D. Tex. Apr. 9, 2015), *aff'd* 631 F. App'x 257 (5th Cir. 2016) (per curiam). Accordingly, *Rooker-Feldman* divests this Court of subject-matter jurisdiction, and Plaintiff's claims should be dismissed without prejudice.

**D.     Leave to Amend**

Ordinarily, a *pro se p*laintiff should be granted leave to amend her complaint prior to dismissal. However, leave to amend is not required when plaintiff "has already pleaded [her] 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009) (quotation omitted). As discussed herein, Plaintiff's claims are fatally infirm and duplicative of previous, unsuccessful claims filed in this Court. Thus, granting her leave to amend under these circumstances would be futile and cause needless delay.

**E.     Conclusion**

For the foregoing reasons, *Defendant's Motion to Dismiss*, Doc. 8, should be

**GRANTED**.

**SO RECOMMENDED** on October 11, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).