IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAROL M. KAM, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:18-CV-1447-D |
| VS. § | |
| § | |
| JOHN B. PEYTON, JR., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiff Carol Kam ("Kam") moves for relief from this court's final judgment dismissing her action against former Dallas County Associate Probate Judge John B. Peyton ("Judge Peyton"), arising from probate litigation following her brother's death. For the reasons that follow, the court denies the motion.[1]

I

The pertinent background facts that underlie Kam's claims are set forth in the October 11, 2018 findings, conclusions, and recommendations of the magistrate judge, adopted by this court on December 20, 2018. *See Kam v. Peyton* ("*Kam I*"), 2018 WL 6696499, at *1 (N.D. Tex. Dec. 20, 2018) (Fitzwater, J.), *aff'd*, 773 Fed. Appx. 784 (5th Cir. 2019). The court therefore recounts only the relevant procedural history and facts necessary for today's decision.

---

[1] It is not clear whether Kam has served her motion on Judge Peyton. No response has been filed to the motion.

Judge Peyton presided over a trial to decide a will contest filed by Kam in Dallas Probate Court in July 2013, ruled against her, and ordered her to pay attorney's fees and costs of over $200,000. Judge Peyton later denied her motion for new trial, the Texas Court of Appeals[2] affirmed the ruling, the probate court denied her statutory bill of review, and the Texas Court of Appeals affirmed that denial. The Supreme Court of Texas denied her petition for review, and Kam then filed this action.

In *Kam I* Kam sued Judge Peyton under 42 U.S.C. § 1983 for various constitutional violations. In short, she maintained that Judge Peyton lacked jurisdiction to preside over the probate action or rule on her motion for a new trial. Judge Peyton moved to dismiss this action, and the court granted the motion, entering a final judgment on December 20, 2018 dismissing this case without prejudice. *See Kam I*, 2018 WL 6696499, at *1. The court of appeals affirmed. Kam now moves to vacate the December 20, 2018 judgment granting Judge Peyton's motion to dismiss, which the court entered after adopting the magistrate judge's findings, conclusions, and recommendation.

II

Under Rule 60(b), a court may relief a party from final judgment because of

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (wither previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or] . . . (6) any other reason justifying relief from the

---

[2]The Court of Appeals for the Fifth District of Texas at Dallas .

- 2 -

operation of the judgment.

To the extent that Kam moves for relief under Rule 60(b)(1), (2) or (3), the motion is untimely. According to Rule 60(b)(c), a motion for relief under Rule 60(b) for reasons (1), (2), or (3) must be made no more than a year after the entry of the judgment at issue. In *Kam I* the court granted Judge Peyton's motion to dismiss and entered judgment in his favor on December 20, 2018. Kam filed the instant motion nearly two years later, on October 14, 2020.

Kam's motion pursuant to Rule 60(b)(6) is also without merit. Rule 60(b)(6) relief "will be granted only if extraordinary circumstances are present." *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990) (affirming order denying Rule 60(b)(6) motion based on change in federal law). Moreover, a party is not entitled to relitigate its claims through a Rule 60(b)(6) motion. *See, e.g., Evenson v. Sprint/ United Mgmt. Co.*, 2011 WL 3702627, at *5 (N.D. Tex. Aug. 23, 2011) (Fitzwater, C.J.) (citing *Carter v. Dolce*, 741 F.2d 758, 759 (5th Cir. 1984) (affirming denial of Rule 60(b) motion where plaintiff had previously litigated or had the opportunity to litigate the same claims)).

Kam has not met her burden of demonstrating that extraordinary circumstances exist. She maintains that she is entitled to relief from the judgment because Judge Peyton did not have jurisdiction to enter his orders, and, according to her, the Dallas Probate Court, the Texas Court of Appeals, and the Supreme Court of Texas have revised their opinions to align with Kam's position. The court rejected these arguments in *Kam I*, and she is not entitled to relitigate the case using Rule 60(b)(6).

* * *

For the reasons explained, Kam's October 14, 2020 motion for this court to vacate the prior order dated December 20, 2018 is denied.

**SO ORDERED**.

January 29, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 4 -